DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY

MARCH TERM, 1916.

---

THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. REGINALD H. MORGAN, Jr., TREASURER OF UNITED STATES EXPRESS COMPANY, DEFENDANT-APPELLANT.

Argued March 21, 1916—Decided June 19, 1916.

The plaintiff-respondent and defendant-appellant entered into an agreement which provided, *inter alia*, that the express company assumed all risks of injuries to person or property of any employes exclusively in its service while upon the premises of the railroad company, and agreed to indemnify and save the railroad company harmless from all claims that might be made against it, and from all loss, damage and expense that might be so incurred by it, as well as against the expense of resisting any such claims, whether successfully resisted or not, it being understood that the railroad company should not, under any circumstances, be responsible or liable for any such loss, damage or injury. Thereafter two actions were instituted against the plaintiff by father and son for injuries to the latter, a minor, who, while in the exclusive employ of the express company and while driving one of its wagons from the express building to the company's stable after he had completed his work for the day, was injured by being thrown out of the wagon, which was run into by one of the railroad company's locomotives on its tracks where

165

they crossed at grade a passageway maintained by it which had all of the appearances of a public street, upon which the boy was present by implied invitation from the railroad company. Judgments were recovered against the railroad company by the father and son in appropriate actions, and the company also expended certain moneys in resisting the actions. These judgments, and the sum so expended, were paid by the railroad company, and it then brought suit to recover under the contract mentioned. A jury being waived, the case was tried upon an agreed state of facts before a circuit judge who found for the plaintiff and against the defendant and awarded judgment for the full amount claimed. *Held,* correct.

On appeal from the Supreme Court.

For the appellant, *McDermott & Enright.*

For the respondent, *Charles E. Miller* and *George Holmes.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This action was tried before Hon. William H. Speer, sitting without a jury at the Hudson Circuit. It was submitted on an agreed state of facts. The judge below rendered a judgment in favor of the plaintiff. The action was brought to recover certain amounts expended by the plaintiff in defending and in satisfying judgments obtained against it in two actions instituted in the Hudson Circuit Court.

The plaintiff is a railroad corporation of New Jersey, operating a steam railroad. The defendant, an express company, is a voluntary unincorporated association of New York, suable in the name of its treasurer. On June 28th, 1898, the plaintiff and defendant entered into a contract which remained in force until August 6th, 1908, when it was superseded by another contract made on that day. They both cover the transaction of defendant's express business on the plaintiff's railroad system. By each of them the plaintiff permitted the defendant's employes to be in and upon its lands, premises, property, buildings, trains and railroad for the purpose of transacting the defendant's business. By the

contract of August 6th, 1908, the defendant agreed with the plaintiff, *inter alia,* as follows:

"The express company assumes all risks * * * of injuries to person or property or injuries resulting from the death of any employees exclusively in its service while upon the trains, ferryboats or premises of the railroad company, and agrees to indemnify and save harmless the railroad company from all claims that may be made against it, and from all loss, damage and expense that may be incurred by it by reason of loss or damage * * * by reason of any injuries to person or property by death of any such employees, as well as against the expense of resisting such claims, whether they be successfully resisted or not, it being understood that the railroad company shall not under any circumstances be responsible or liable for any such loss, damage or injury."

After the execution of the first of these contracts, but before the execution of the second, the plaintiff leased to the defendant a certain frame express building on its terminal property located at Jersey City, fronting upon the Hudson river and extending back from the river in a westerly direction for about a mile. Within the limits of this terminal property plaintiff constructed a passageway extending from the river, across its property, and connecting with Johnston avenue, a public street. The express building, leased to the defendant as already mentioned, adjoins this passageway.

In carrying on its business defendant employed a number of wagons which distributed express packages loaded on them at the express building, or brought to the express building for loading on railroad cars, packages collected. These wagons used the passageway already mentioned in going to and from the express building. It was the practice of those employed at the express building, after finishing their work, to take charge of any team and empty wagon which had made its last trip for the day, and happened to be standing at the platform, and drive with the same to the defendant's stable to avoid walking.

Charles Black was one of the persons employed by the defendant at the express building. It was his duty to check

or make a record of the packages handled there. While working for the defendant he had no other employment, business or occupation. On January 4th, 1912, after finishing his work for the day at the express building, Black, in accordance with the custom, took charge of one of the empty express wagons and drove it along the passageway mentioned toward defendant's stable. While driving at a point where the passageway was crossed at grade by one of the plaintiff's railroad tracks, the wagon was struck by an engine owned and operated by the plaintiff, and Black was thrown therefrom and injured. Thereafter the two actions were instituted against the plaintiff. One was brought by Charles Black to recover for his personal injuries; the other by his father to recover the damages sustained by him as the result of the injuries to his son, a minor.

The action brought by Charles Black was tried twice. At the first trial a verdict was directed in favor of the railroad company. On appeal, this court reversed the action of the trial court. *Black* v. *Central Railroad Co.,* 85 *N. J. L.* 197. The second trial of the son's case and the trial of the father's case resulted in verdicts aggregating $6,000 in favor of the plaintiffs therein. The judgments entered on these verdicts were paid and satisfied by the plaintiff. In addition, plaintiff expended $250 in resisting these claims.

The trial court in deciding the present case held that, at the time he was injured, Black was exclusively in the service of the defendant, having no other employment; that his injuries were sustained while on the premises of the plaintiff, and that, therefore, the defendant was bound to indemnify the plaintiff, under the above-quoted provision of the contract of August 6th, 1908, for the moneys it had thus expended.

To use the language of the agreement of August 6th, 1908, the express company assumed all risks of injury to the person of any employe exclusively in its service while upon the premises of the railroad company, and agreed to indemnify and save it harmless from all loss, damage and expense that might be incurred by reason thereof.

In the agreed state of facts it is stipulated that, while driving a team of the defendant, Black, who was exclusively

in the service of the defendant, was injured on the premises of the plaintiff—on its passageway—where it was crossed at grade by its railroad track, the team and wagon which Black was driving having been struck by a locomotive owned and operated by the plaintiff, Black being thrown from the wagon and injured.

The defence in this case was rested upon two points— *first,* that the roadway in question was no part of the premises of the railroad company which the employes of the express company were licensed to use, but that they used the roadway as a public highway; and *second,* that at the time of the injury Black had finished his work for the day and was not in the discharge of his duties as an employe of the express company.

In the agreed state of facts it is stipulated that the passageway upon which Black's injury occurred was the same as that dealt with by this court in *Black* v. *Central Railroad Co., supra,* which was the first suit growing out of the accident that was tried and which resulted in the reversal of a judgment for the defendant with a *venire de novo;* and the stipulation proceeds to state that the controversy here in question concerns the liability between the railroad company and the express company for the consequences of the same accident and injury passed upon in the above reported case. In that case (Black *v.* Central Railroad Co.) Mr. Justice Garrison, speaking for this court, said (at *p.* 200) :

"The plaintiff was injured while driving along a way which, if not a street, had very much the appearance of one. It was a continuation of a city street. It was paved like a street. It was lighted and sprinkled like a street. It was patroled by the city police like other streets, and where it was crossed by railroad tracks flagmen were stationed as is customary at street crossings. All of these things, with the exception of the police patrol, were the acts of the defendant. If, therefore, the way in question presented the appearance of being a street, the defendant had created such appearance and was therefore responsible for the consequences, one of which was that persons generally might use the way in the belief that

it was what it appeared to be. And to such user the liability of the defendant, arising out of the appearance so created by it, would be the same as if such street actually was what it appeared to be, under the rule that 'one who holds out a way as a public street, is liable.' 29 *Cyc.* 454.

"Such liability is based not upon the landowner's dedication of the street and its acceptance by the public, but upon the appearance he has created, so that the question for the jury is not whether such acts of the owner were proof of an intention to dedicate a public street, but whether they had created an appearance calculated to induce the public to use the way in the belief that it was what it appeared to be.

"Although the fundamental principle that underlies this doctrine is that of estoppel, it is generally treated under the head of implied invitation, thereby distinguishing it from express or inferred invitation, which is limited to those having business with the owner of lands or upon his premises."

While this decision does not operate as a judgment *res judicata* because the defendant here, the express company, was not a party to the suit in which the judgment was rendered and had no opportunity to defend there, nevertheless, it operates *stare decisis,* that is, as a question settled by decision and forming a precedent which is not to be departed from. Its application here requires a holding that Black was injured on the premises of the railroad company which he was invited to use as though it were a public way.

As to the second point. It is true that Black had finished his work in the express building before the accident happened to him. What he did was to take one of the defendant's teams and empty wagons and drive out from the building along the roadway toward the defendant's stable. This was not part of Black's regular duties, but it was the practice of those employed by the express company, having finished their work at the building, to take charge of any team and empty wagon which had made its last trip ·for the day and drive it to the stable for the purpose of avoiding a long walk. The situation in this regard was like that in *Cicalese* v. *Lehigh Valley Railroad Co.,* 75 *N. J. L.* 897, where this court held:

"Where a railroad company provides hand-cars for the transportation of its employes from the place where they have been working to a point convenient to their homes, even if the journey is commenced after the usual work of the day has ceased, the relation of master and servant continues until the employe has reached the destination to which he is being carried by, or with the consent of the company."

There is no question as to the facts in the case at bar, and in deciding that Black was in the exclusive employ of the express company and on the premises of the railroad company when he sustained his injuries, although his day's work had been finished and he was taking a team and wagon of the express company to its stable, the trial court was correct in point of law. The stipulated facts upon this head made the law of the Cicalese case applicable. The judgment under review must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal*—None.